SAMUEL ALDRICH *vs.* JAMES B. CAMPBELL.

A negotiable promissory note, purchased for a valuable consideration, without notice that an action has been commenced on a debt due from the purchaser to the maker, and before the first publication of notice of the issuing of a warrant in insolvency against the maker, may be set off in such action, when prosecuted by the maker's assignee in insolvency, even though not yet payable.

ACTION OF CONTRACT to recover for work and materials, commenced by Charles Fuller on the 6th of October 1854, served by attachment of real estate on the same day, (recorded three days

after,) and on the defendant personally on the 3d of November; and prosecuted, by leave of court, by the plaintiff, as assignee in insolvency of Fuller, chosen under proceedings commenced on the 31st of said October.

The defendant, after the coming in of the assignee, filed a declaration in set-off on four negotiable promissory notes made by Fuller, and purchased by the defendant on the 10th of said October, without any knowledge of this suit, and for a valuable, but not a full consideration, Fuller being then in embarrassed circumstances, and having since obtained a certificate of discharge in insolvency. Some of the notes had not arrived at maturity at the commencement of the proceedings in insolvency.

The case was submitted to the decision of the court upon the foregoing facts, with an agreement that, if the defendant was entitled to be allowed the amount of all the notes, judgment should be rendered for him for his costs; otherwise, the case should be referred to an auditor to report the amount due to the plaintiff.

*F. H. Dewey*, for the plaintiff. These notes cannot be allowed in set-off, for the following reasons: 1. Because they did not belong to the defendant at the time of the commencement of the suit. Rev. Sts. *c.* 96, § 4. *Bunker* v. *Shed*, 8 Met. 150. 2. Because no notice of any assignment to the defendant was given to the plaintiff before the commencement of the action. Rev. Sts. *c.* 96, § 5. 3. Because some of them were not due at the time of the commencement of the action. Rev. Sts. *c.* 96, §§ 19, 20. 4. Because to allow such a set-off would mislead the plaintiff into bringing a suit in which the judgment must be against him. 5. Because the notes are not mutual demands; and to allow them in set-off would be contrary to the spirit and equity of the insolvent law, and to the rights thereby conferred on the assignee. Rev. Sts. *c.* 96, §§ 10, 11, 12. *St.* 1838, *c.* 163, §§ 3, 5. *Holland* v. *Makepeace*, 8 Mass. 422. *Knapp* v. *Lee*, 3 Pick. 452. *Sargent* v. *Southgate*, 5 Pick. 318.

*P. C. Bacon*, for the defendant.

THOMAS, J. This case is not to be determined upon the technical rules of set-off, but upon the principles regulating the

settlement of insolvent estates, whether of persons living or deceased. The settlements with such estates are final, and all mutual demands are to be balanced. Claims not liquidated, and debts absolutely due, though payable in the future, are to be included. The balance found upon such adjustment is the only debt remaining.

In the case of an insolvent estate of one deceased, all claims existing at the time of the death are to be set off; in the case of an insolvent estate of a person living, all claims existing at the time of the first publication of the notice of the issuing of the warrant.

The rules are the same, in whatever form the question is to be settled. Rev. Sts. c. 96, § 12. St. 1838, c. 163, § 3. M'Donald v. Webster, 2 Mass. 498. Jarvis v. Rogers, 15 Mass. 406. Knapp v. Lee, 3 Pick. 452. Bigelow v. Folger, 2 Met. 255. Phelps v. Rice, 10 Met. 128. Bemis v. Smith, 10 Met. 194. Demmon v. Boylston Bank, 5 Cush. 194.

The notes, the subject of controversy, were owned by the defendant before and at the time of the first publication of the notice in insolvency. They were purchased in good faith, for a valuable consideration, and before the defendant had notice of the bringing of the suit.

*Judgment for the defendant for his costs.*